UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>JARED LOZANO, et al.,<br><br>    Defendants. | No.  2:19-cv-1128 MCE DB P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  (ECF Nos. 1, 6, 8, 9).  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated below, the court shall grant plaintiff's request to proceed in forma pauperis.  Plaintiff will also be given an opportunity to amend the complaint.

**I.    IN FORMA PAUPERIS APPLICATION**

Plaintiff's first-filed application to proceed in forma pauperis was incomplete.  (See ECF No. 6).  Accordingly, it will be denied as such.

Plaintiff's second-filed in forma pauperis application contains a declaration that makes the showing required by 28 U.S.C. § 1915(a).  (See ECF Nos. 8, 9).  Therefore, the request to proceed in forma pauperis will be granted.

1

     Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING REQUIREMENT

     The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

     A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

     A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp.

Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III.  PLEADING STANDARD

#### A.  Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

#### B.  Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

////

3

1  Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor
2  v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

3  Government officials may not be held liable for the actions of their subordinates under a
4  theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in
5  Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious
6  liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has
7  violated the Constitution through his own individual actions by linking each named defendant
8  with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.
9  Id. at 676.

**IV.   PLAINTIFF'S COMPLAINT**

   **A.   Relevant Facts**

Plaintiff, an inmate at California Medical Facility ("CMF"), names CMF employees Warden Jared Lozano, ISU Officer Hernandez, Correctional Officer Joines,[1] and ISU Officer Tony Lee as defendants in this action.  (See ECF No. 1 at 1-2).  He also names a Lieutenant Williams, a Sergeant Larry Lesane, and one S&E Officer Perez as defendants.[2]  (See id. at 1).  In addition, Scott Kernan, the Secretary of Corrections for the California Department of Corrections and Rehabilitation ("CDCR") and John Does 1 through 100 "holding various positions at CDCR" are named as defendants in this action.  (See id. at 2).

Plaintiff purports to raise claims of excessive force, threat to safety, and deliberate indifference against these defendants in violation of his Eighth and Fourteenth Amendment rights. (See ECF No. 1 at 3-5, 8-10).  He claims that defendants' actions towards him have led to physical injury and psychological damage and that they constitute intentional infliction of emotional distress.  (See id. at 3-5).

////

---

[1] The court believes that plaintiff may have intended to write "Jones" instead of "Joines."  If this is the case, the spelling must be changed in any amended complaint plaintiff files.
[2] It is unclear from the record whether defendants Williams, Lesane, and Perez are also employees at CMF.  If plaintiff chooses to file an amended complaint that raises claims against these individuals, he must clearly state where each of them is employed.

**B.  Relief Sought**

Plaintiff seeks ten million dollars in compensatory damages and ten million dollars in punitive damages.  (See ECF No. 1 at 6).  He also seeks any other relief that the court deems just and equitable.  (See id. at 6).

**V.  DISCUSSION**

**A.  Other Relevant Law**

Rule 8 of the Federal Rules of Civil Procedure mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation omitted) (internal quotation marks omitted).

The court is required to construe plaintiff's complaint liberally.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  However, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997).  Indeed, a complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8.  See Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969) (citation omitted)).

**B.  Analysis**

A review of the substantive arguments in plaintiff's complaint (see ECF No. 1 at 8-10) leads the court to find that the pleading fails to state claims upon which relief may be granted.  This is because despite the fact that it uses terms like "excessive force," "threat to safety," and "deliberate indifference" at the outset and it also alleges resulting physical and emotional harm (see id. at 3-5), it fails to provide any links whatsoever between specific named defendants and specific actions each of them took that, in fact, deprived plaintiff of his constitutional rights (see generally id. at 3-10).

As stated earlier, clear links between specific state actors and specific violations of right are required in order to state cognizable Section 1983 claims.  See Ortez, 88 F.3d at 809; see also

5

1 Taylor, 880 F.2d at 1045.  Plaintiff's complaint fails to do this.  On the contrary, the substantive
2 part of it consists of a three-page, single-spaced narrative which simply makes broad, sweeping
3 accusations about the defendants as a whole.  (See, e.g., ECF No. 1 at 8) (plaintiff stating "They
4 attacked me while in my cell . . . .  They attacked other Muslims, Catholics, Christians, Jews and
5 Indians.  They used illegal Tazers . . . .  They continue to attack informants, litigators, and
6 whistleblowers . . . .").  This hardly provides the state actor, personal participation, and resulting
7 deprivation elements needed to state a cognizable civil rights claim.  See Jones, 297 F.3d at 934
8 (stating personal participation in alleged deprivation of rights needed for viable Section 1983
9 claim); see also Ortez, 88 F.3d at 809 (affirming district court's dismissal of defendants due to
10 plaintiff's failure to allege specific facts linking each one to Section 1983 violation).

11 For these reasons, plaintiff may not proceed on this complaint.  Instead, he will be given a
12 reasonable amount of time to fix the deficiencies in it via the filing of an amended complaint.

13 The court will direct the Clerk of Court to send plaintiff a copy of this court's complaint
14 form.  Plaintiff is advised to fill it out and provide short, yet responsive answers to its questions.
15 He is further warned that attaching unfocused narratives to the form as plaintiff has done with the
16 instant complaint is not likely to lead to a viable pleading that can be served on defendants.

17 **VI.     OPTION TO AMEND THE COMPLAINT**

18 Plaintiff is being given the opportunity to amend the complaint.  If plaintiff chooses to file
19 an amended complaint, it will take the place of the original complaint.  See Lacey v. Maricopa
20 Cty., 693 F.3d 896, 925 (9th Cir. 2012) (amended complaint supersedes original).  Any amended
21 complaint should observe the following:

22 An amended complaint must identify as a defendant only persons who personally
23 participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson
24 v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a
25 constitutional right if he does an act, participates in another's act or omits to perform an act he is
26 legally required to do that causes the alleged deprivation).

27 ////
28 ////

1      An amended complaint must also contain a caption including the names of all
2  defendants. Fed. R. Civ. P. 10(a).  Plaintiff may not change the nature of this suit by alleging
3  new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).
4      Any amended complaint must be written or typed so that it is complete in itself without
5  reference to any earlier filed complaint. See L.R. 220 (E.D. Cal. 2009).  This is because an
6  amended complaint supersedes any earlier filed complaint, and once an amended complaint is
7  filed, the earlier filed complaint no longer serves any function in the case.  See Loux v. Rhay,
8  375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter
9  being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa
10 Cty., 693 F.3d 896 (2012).
11     Accordingly, IT IS HEREBY ORDERED that:
12     1.  Plaintiff's application to proceed in forma pauperis, filed July 11, 2019 (ECF No. 6),
13 is DENIED as incomplete;
14     2.  Plaintiff's motion to proceed in forma pauperis, filed July 22, 2019 (ECF No. 9), is
15 GRANTED;
16     3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
17 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §
18 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
19 appropriate agency filed concurrently herewith;
20     4.  Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend, and
21     5.  Within sixty days of the date of this order, plaintiff shall file an amended complaint
22 that complies with the guidelines set out in this order and in the Local and Federal Rules.
23 ////
24 ////
25 ////
26 ////
27 ////
28 ////

Failure to file an amended complaint within this period will result in a recommendation that this action be dismissed for failure to state a claim upon which relief may be granted.  See 28 U.S.C. 1915A(b)(1).

Dated:  August 27, 2020

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/john1128.scrn

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE