UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JARED LOZANO, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-1128 MCE DB P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. (ECF No. 13). In support of this request, plaintiff states, amongst other things that the issues in this matter are complex, he has limited access to the law library, that he suffers from mental health illness, and that he is blind. (See id. at 2-3).

　　　　The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

　　　　The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,

1

1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Furthermore, a review of plaintiff's complaint and in forma pauperis application as well as the instant request for the appointment of counsel indicate that plaintiff has a solid understanding of these proceedings as well as an adequate ability to express his thoughts and convey his needs. (See generally ECF Nos. 1, 9, 13). For these reasons, the court does not find the required exceptional circumstances at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 13) is DENIED.

Dated: October 19, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/john1128.31