UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JARED LOZANO, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-1128 MCE DB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

In compliance with this court's order issued August 28, 2020, plaintiff has submitted a first amended complaint ("FAC"). (See ECF Nos. 10, 15). For the reasons stated below plaintiff will be given the opportunity either to file a final amended complaint or, in the alternative, to proceed on the cognizable claims identified herein.

I.　　**PLEADING STANDARD**

　　**A.　Generally**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source

of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**B.   Linkage Requirement**

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

## II. PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff's FAC names the Warden of the California Medical Facility ("CMF"), J. Lozano; the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), Scott Kerrnan; correctional officers Hernandez and C. Churness,[1] and ISU Lieutenant Tony Lee as defendants in this action. (See ECF No. 15 at 3-4). With the exception of defendant Kernan, all defendants were employees at CMF at the time of the incidents in question.

Plaintiff alleges that defendants were deliberately indifferent to his health and safety and inflicted cruel and unusual punishment upon him in violation of his Eighth Amendment rights when, over a period of time, they contaminated his space with asbestos particles, exposed themselves to him and urinated on him, used the prison's ventilation system to spread various deadly viruses and disease, contaminated his food, illegally used tasers on him, paid inmate informants to stab him, conspired to deprive him of his property, and wrongfully intercepted his mail. (See ECF No. 15 at 4-6). Plaintiff further contends that the actions of defendants were retaliatory in violation of his First Amendment rights because he had filed a grievance about the presence of asbestos in the prison. (See generally id. at 5).

Plaintiff seeks an injunction that prevents defendants from storing any asbestos in or around inmates' living quarters. (See id. at 7). He also asks for compensatory and punitive damages as well as costs and any other relief to which he may be legally entitled. (See id. at 7-8).

## III. DISCUSSION

### A. Deliberate Indifference

#### 1. Applicable Law

To state a claim for deliberate indifference to health and safety, a prisoner must allege that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Because "only the unnecessary and wanton infliction of pain

---

[1] Defendant C. Churness is not listed as a defendant in the case caption of the docket. Therefore, the court will direct the Clerk of Court add him to it.

implicates the Eighth Amendment," evidence must exist to show the defendant acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis and citations omitted).

### 2. Analysis

Plaintiff alleges that CMF has asbestos that lines the ceilings, floors, hot water pipes, and pipe chases throughout the facility. (See ECF No. 15 at 4). His Eighth Amendment deliberate indifference claim alleges that defendants Lozano and Hernandez were aware of this fact and that defendant Lozano directed defendant Hernandez to open access doors to the return-air vents in the prison. This, in turn, plaintiff asserts, enabled defendant Hernandez to make "asbestos . . . rain down" on plaintiff "when [defendant Hernandez] . . . took his baton and hit the ceiling multiple times with it." (Id. at 5) (brackets added). According to plaintiff, defendant Hernandez was instructed to do this because plaintiff had filed a grievance complaining about the presence of asbestos in the prison. (See id. at 5).

These claims of deliberate indifference against defendant Lozano and defendant Hernandez are not cognizable. First, by plaintiff's own admission, the access doors were unlocked and opened by defendant Hernandez at the direction of defendant Lozano so that the "archaic, substandard return-air vents [could] operate properly." (See ECF No. 15 at 4) (brackets added). Thus, on its face, the act of opening the doors by defendants – potentially exposing inmates to asbestos in the process – was, arguably, not done for a nefarious purpose.

Next, once the doors had been opened, to the extent defendant Hernandez appears to have taunted plaintiff by taking his baton and hitting the ceiling with it multiple times, presumably, allowing asbestos residue to fall on him, this claim – without more – is also not cognizable. This is because it appears to have been a one-time incident, and plaintiff has not stated that it resulted in actual harm to him. See Jett v. Penner, 439 F.3d at 1096 (stating harm requirement). An inmate must establish that there was both some degree of actual or potential injury, and that society "considers the risk that the plaintiff complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." Helling v.

4

McKinney, 509 U.S. 25, 36 (1993) (italics in original); see generally Estelle v. Gamble, 429 U.S. 97, 102 (1976) (stating "evolving standards of decency" standard).

For these reasons, these deliberate indifference claims against defendant Lozano and defendant Hernandez as presented are not actionable. Given that this was plaintiff's second opportunity to amend these claims, it appears that providing plaintiff with a third opportunity to amend them would be futile. Therefore, he will not be permitted to do so. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

### B. Cruel and Unusual Punishment

#### 1. Applicable Law

"The Eighth Amendment proscribes the infliction of cruel and unusual punishment on prisoners. Whether a particular event or condition in fact constitutes 'cruel and unusual punishment' is gauged against 'the evolving standards of decency that mark the progress of a maturing society.' " Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (alteration in original) (internal quotation marks omitted) (quoting Ingraham v. Wright, 430 U.S. 651, 670 (1977)).

"It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." Id. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." Id. Accordingly, "courts considering a prisoner's claim must ask: 1) if the officials acted with a sufficiently culpable state of mind; and 2) if the

////

5

alleged wrongdoing was objectively harmful enough to establish a constitutional violation." Somers v. Thurman, 109 F.3d 614, 622 (9th Cir. 1997) (citing Hudson, 503 U.S. at 8).

### 2. Analysis

#### a. Defendants Churness and Lee

Plaintiff claims that he was subjected to cruel and unusual punishment in violation of his Eighth Amendment rights when, in January 2017, defendant Churness and defendant Lee exposed themselves to him and then urinated on him. (See ECF No. 15 at 5). These acts, on their face, clearly rail against the evolving standards of decency that mark the progress of a maturing society. See generally Hudson, 503 U.S. at 8; Schwenk, 204 F.3d 1196. Accordingly, plaintiff has stated cognizable cruel and unusual punishment claims against defendant Churness and defendant Lee, and he will be permitted to proceed on them.

#### b. Defendant Kernan

Plaintiff also alleges that when he tried to report the actions of the other defendants to defendant Kernan, defendant Kernan punished plaintiff in various ways including releasing deadly chemicals into the prison and poisoning his food. (See ECF No. 15 at 5-6). Plaintiff writes:

> When [I] attempted to report said conduct to the CDCR Director, Scott Kernan, Kernan meted out punishment upon [me] by way of illegal use of science of technology and electronic devices by means of drones, which relinquish deadly and poisonous chemical agents. Biological and cancerous chemicals, toxins that are harmful to human consumption. Sanitizers mixed with gases and bath salts. Kernan used deadly bird-flu, West Nile virus, and N-1 viruses. AIDS and herpes as an arsenal.
> He used human defecation, poisonous, illegal narcotics, pharmaceuticals, poisonous insects that he put in the ventilation system.
> Kernan ordered the food to be contaminated. He ordered Hernandez, Chruness and Lee to use illegal tasers upon [me].

(Id. at 5-6) (brackets added) (paragraph numbers omitted).

This cruel and unusual punishment claim related to defendant Kernan spreading deadly disease throughout the prison is frivolous given that the factual contention is clearly baseless. See

6

Neitzke v. Williams, 490 U.S. 319, 325 (1989) (stating fanciful factual allegations also included in definition of frivolous). The idea of a prison official using drones to spread multiple deadly diseases throughout a prison or contaminating food prison-wide is not plausible. Furthermore, it is beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Finally, even if plaintiff's allegations were plausible and provable, once again, he has failed to state the specific harm he experienced as a result. Accordingly, plaintiff will not be permitted to proceed on this cruel and unusual punishment claim against defendant Kernan.

### c. Defendants Kernan, Hernandez, Churness and Lee

As for plaintiff's claim that defendant Kernan ordered defendants Hernandez, Churness and Lee to use illegal tasers on him, this allegation provides insufficient facts. Whether these defendants actually followed through on the alleged directive from defendant Kernan, as well as when, and in what context, is information that could be used to determine if this claim is cognizable. Plaintiff will be permitted to amend this cruel and unusual punishment claim against defendants Kernan, Hernandez, Churness and Lee.

### C.  Retaliation

#### 1.  Applicable Law

"It is well-established that, among the rights they retain, prisoners have a First Amendment right to file prison grievances." Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing Rhodes v. Robinson, 408 F.3d 559, 566 (9th Cir. 2005). "Retaliation against prisoners for their exercise of this right is itself a constitutional violation, and prohibited as a matter of 'clearly established law'." Brodheim, 584 F.3d at 1269 (citing Rhodes, 408 F.3d at 566; Pratt v. Rowland, 65 F.3d 802, 806 & n.4 (9th Cir. 1995)).

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

7

1  Rhodes, 408 F.3d at 567-68; Jones v. Williams, 791 F.3d 1023, 1035 (9th Cir. 2015) (citing
2  Rhodes).  A plaintiff who intends to assert a retaliation claim must show that the defendant was
3  aware of plaintiff's prior protected conduct and that the protected conduct was "the 'substantial'
4  or 'motivating' factor" behind the defendant's alleged misconduct.  Brodheim, 584 F.3d at 1271.
5        To sustain a retaliation claim, plaintiff must plead facts that support a reasonable inference
6  that plaintiff's exercise of his constitutionally protected rights was the "substantial" or
7  "motivating" factor behind the defendant's challenged conduct.  See Soranno's Gasco, Inc. v.
8  Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989) (citing Mt. Healthy City School Dist. Bd. of Educ.
9  v. Doyle, 429 U.S. 274, 287 (1977)).  "A successful retaliation claim requires a finding that the
10 prison authorities' retaliatory action did not advance legitimate goals of the correctional
11 institution or was not tailored narrowly enough to achieve such goals.'"  Pratt, 65 F.3d at 806.
12 Plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the
13 challenged conduct.  Pratt, 65 F.3d at 806 (quoting Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.
14 1985)).
15       Mere allegations of retaliatory motive or conduct will not suffice.  A prisoner must "allege
16 specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."
17 Frazier v. Dubois, 922 F.2d 560, 562 n.1 (10th Cir. 1990).  Verbal harassment alone is
18 insufficient to state a claim.  See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987)
19 (citation omitted).  Even threats of bodily injury are insufficient to state a claim, because a mere
20 naked threat is not the equivalent of doing the act itself.  See generally Gaut v. Sunn, 810 F.2d
21 923, 925 (9th Cir. 1987).
22       **2. Analysis**
23           **a.  Defendants Lozano and Hernandez**
24 Plaintiff has failed to provide sufficient facts to establish that defendant Lozano opening
25 prison air vents or defendant Hernandez making alleged asbestos material fall on plaintiff on one
26 occasion constituted adverse action of a magnitude to warrant First Amendment retaliation
27 analysis.  (See generally ECF No. 15 at 4-5).  Accordingly, his claim that said actions were
28

retaliatory because he had filed a complaint about asbestos in the prison fails to state a claim against these defendants, and plaintiff will not be permitted to amend it.

### b. Defendants Churness and Lee

On the other hand, plaintiff's claim that defendant Churness and defendant Lee improperly retaliated against him in violation of his First Amendment rights when they allegedly exposed themselves to him and urinated on him simply because he had filed a grievance about the presence of asbestos in the prison is cognizable.  Clearly defendants' actions – if true – did not advance the legitimate correctional goals of CMF.  See generally Pratt, 65 F.3d at 806. Therefore, plaintiff will be able to proceed on this retaliation claim against these defendants.

### c. Defendant Kernan

Finally, plaintiff's retaliation claim raised against defendant Kernan is not actionable. This is because, as with the retaliation claims levied against defendants Lozano and Hernandez, plaintiff has failed to plead threshold facts that support it.  Specifically, plaintiff's claims that his filing of a grievance led to defendant Kernan directing prison food to be poisoned and to Kernan using drones and the prison's ventilation system to spread bird flu, the West Nile virus, AIDS, herpes and other diseases (see ECF No. 15 at 5-6) are fantastical at best.  For this reason, plaintiff will not be permitted to proceed with this claim against defendant Kernan.

### d. Defendants Kernan, Hernandez, Churness and Lee

Plaintiff's claim that defendants Kernan, Hernandez, Churness and Lee were responsible for his unlawful tasing because he had filed grievances in prison is, as currently written, insufficient to establish a cognizable retaliation claim.  Plaintiff alleges that defendant Kernan ordered defendants Hernandez, Churness and Lee to tase him.  However, there is no indication in the record that these defendants followed through on this directive.  Specifically, plaintiff does not state that he was, in fact, tased as a result, nor does he mention any harm or treatment he incurred as a direct result of defendants Hernandez, Churness and Lee having followed through on defendant Kernan's alleged directive.  (See generally ECF No. 15 at 6).

For these reasons this retaliation claim against these defendants is deficient, and plaintiff will be given an opportunity to amend it.

### D. Conspiracy

#### 1. Applicable Law

"A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." Gilbrook v. City of Westminster, 177 F.3d 839, 856 (9th Cir. 1999) (citation omitted). Conspiracy is not itself a constitutional tort under Section 1983, and it does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation. Lacey v. Maricopa Cty., 693 F.3d 896, 935 (9th Cir. 2012) (en banc).

"To establish liability for a conspiracy in a § 1983 case, a plaintiff must demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights." Crowe v. Cty. of San Diego, 608 F.3d 406, 440 (9th Cir. 2010) (internal citation and quotation marks omitted); see also Woodrum v. Woodward Cty., 866 F.2d 1121, 1126 (9th Cir. 1989). However, "[d]irect evidence of improper motive or an agreement to violate a plaintiff's constitutional rights will only rarely be available. Instead, it will almost always be necessary to infer such agreements from circumstantial evidence or the existence of joint action." Mendocino Envtl. Ctr. v. Mendocino Cty., 192 F.3d 1283, 1302 (9th Cir. 1999) (brackets added). Therefore, "an agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants." Id. at 1301.

#### 2. Analysis

Plaintiff's claim that because he had filed a grievance that complained about asbestos in the prison, all the defendants conspired: (1) to eliminate him via inmate stabbing, and (2) to deprive him of his property, and that when he sought outside help for his grievances, they also conspired: (3) to intercept his mail, are not cognizable as currently presented. Although the underlying constitutional violation to support a conspiracy claim is present – here, the alleged violation plaintiff's First Amendment right to file grievances – plaintiff has failed to present any

sort of circumstantial evidence that the defendants agreed to act jointly to do so.  Indeed, the fact that alleged co-conspirator defendant Kernan who, as Secretary of the CDCR, likely has little – if any – regular contact with the other defendants employed at CMF, renders plaintiff's conspiracy claims highly speculative at best.

Moreover, the damage plaintiff allegedly experienced as a result of these deprivations is incredibly vague.  For example, plaintiff does not identify either the property or the type of mail of which he was deprived.   Prisoners are often deprived of property and mail for various reasons, for example, if property and/or mail is determined to be contraband.  Thus, on their face, such allegations of deprivation are not actionable.

Once again, the FAC was plaintiff's second opportunity to provide facts in support of this conspiracy claim, yet he has failed to do so.  Without minimal circumstantial evidence from which a conspiracy could be inferred and more clarity as to the damage plaintiff experienced as a result of defendants' alleged conspiracy, the conspiracy claim fails.  For these reasons, plaintiff will not be given the opportunity to amend it.  See, e.g., Haywood v. Ramon, No. 1:10-cv01808 MJS (PC), 2012 WL 43612 at *4, *5 (E.D. Cal. Jan. 9, 2012) (finding no fact pled to support cognizable conspiracy claim and denying amendment of claim due to futility).

**IV.   CONCLUSION**

In conclusion, plaintiff has stated the following cognizable claims in the FAC:

- Cruel and usual punishment by defendants Churness and Lee for allegedly exposing themselves to plaintiff and urinating on him, and
- Retaliation by defendants Churness and Lee for allegedly exposing themselves to plaintiff and urinating on him because he filed grievances about the presence of asbestos in the prison;

In addition, if plaintiff chooses to do so, he will be given a final opportunity to amend the following potentially cognizable claims:

- Cruel and unusual punishment by defendants Kernan, Hernandez, Churness and Lee for either ordering and/or unlawfully using tasers on plaintiff, and
- Retaliation by defendants Kernan, Hernandez, Churness and Lee in the form of the

11

ordering and/or unlawful use of tasers on plaintiff for having filed grievances about the presence of asbestos in the prison.

## V. OPTION TO AMEND THE COMPLAINT

Plaintiff is not obligated to amend the complaint. Instead, he may proceed with service of the FAC on the cognizable claims identified above. However, if he chooses to amend the complaint, it will take the place of the original complaint. See Lacey, 693 F.3d at 925 (amended complaint supersedes original). Any amended complaint should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See L.R. 220 (E.D. Cal. 2009). This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to add the following individual as a defendant to the docket of this action as identified at ECF No. 15 at 4: C. Churness, a correctional officer at California Medical Facility;

2. Within fourteen days of the date of this order, plaintiff shall complete and file the attached Plaintiff's Notice on How to Proceed form, and

3. If plaintiff opts to amend the complaint, he shall have thirty days from the date of this order to file it in this court.

Dated:  January 4, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DBORDERS/ORDERS.PRISONER.CIVIL RIGHTS/john1128.fac.scrn

1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9           FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11 | ANTOINE L. JOHNSON                    No. 2:19-cv-1128 MCE DB P
12 |         Plaintiff,
13 |     v.                                PLAINTIFF'S NOTICE ON HOW TO
                                           PROCEED
14 | JARED LOZANO, et al.,
15 |         Defendants.

16      CHECK ONE:

17 _____ Plaintiff would like to proceed immediately on his Eighth Amendment cruel and unusual punishment and First Amendment retaliation claims against defendants Churness and Lee.  By choosing to go forward without amending the complaint, plaintiff:  (1) consents to the dismissal without prejudice of the claims against defendants Kernan, Lozano, and Hernandez, and (2) chooses to forego any related and/or potentially viable claims against them and any other potential, yet to be named defendants pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

_____ Plaintiff would like to amend the complaint.

DATED: _____

                                    _____
                                    ANTOINE L. JOHNSON
                                    Plaintiff Pro Se