UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. JOHNSON,<br><br>        Plaintiff,<br><br>   v.<br><br>JARED LOZANO, et al.,<br><br>        Defendants. | No.  2:19-cv-1128 MCE DB P<br><br><br>ORDER |

Plaintiff is a state prisoner who was proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983.  On June 19, 2019, filed a complaint alleging defendants violated his rights under the Eighth and Fourteenth Amendments.  (ECF No. 1.)  Upon screening, the court found plaintiff failed to state a cognizable claim for relief under § 1983, gave plaintiff leave to file an amended complaint, granted plaintiff's motion to proceed in forma pauperis, and ordered the prison to collect payments from plaintiff's trust account.  (ECF Nos. 10, 11.)

Plaintiff was given the opportunity to file an amended complaint and did so on October 28, 2020.  (ECF No. 15.)  The court screened this First Amended Complaint and found service appropriate.  (ECF No. 20.)  Following the issuance of summons to defendants, plaintiff filed notice of voluntary dismissal this action.  (ECF No. 24.)  Accordingly, the case was dismissed pursuant to Rule 41(a)(1)(B) of the Federal Rules of Civil Procedure.  (ECF No. 28.)

////

1

On August 11, 2022, plaintiff filed a motion to strike filing fee.  (ECF No. 29.)  Plaintiff requests the filing fee as "people with physical disabilities are exempt from the filing fee under the PLRA pursuant to the American Disability Act."  (Id. at 1.)

The Americans with Disabilities Act permits a party that prevails on a claim from recovering certain fees and costs in the court's discretion.  See Armstrong v. Davis, 318 F.3d 965, 974 (9th Cir. 2003); Kraus v. Rattu, 2:18-cv-0627 MCE DB, 2020 WL 526105, *6 (E.D. Cal. Feb. 3, 2020) ("a party that prevails on claims brought under the ADA  may recover reasonable attorney's fees and costs in the court's discretion").  However, plaintiff did not prevail in this action as it was voluntarily dismissed by the plaintiff.  (See ECF Nos. 24, 28.)  As such, this does not apply to plaintiff and his filing fee.  Plaintiff is advised that when he files a federal civil rights action, he remains liable for full payment of the filing fee regardless of the outcome of the action. See 28 U.S.C. § 1915(b)(1)&(2); Antonetti v. Foster, No. 3:14-cv-495-JAD-VPC, at *3  (D. Nev. Oct. 22, 2015) ("Plaintiff will . . . be required to make monthly payments toward the full $350 filing fee when he has funds available, even though this case is being dismissed."); Turner v. San Diego County, No. 14-cv-1965 LAB (WVG), 2014 WL 5800595, at *1 (S.D. Cal. Nov. 7, 2014) (same); Mercier v. FBI, No. CV07-281-S-EJL, 2008 WL 360843, at *2 (D. Id. Feb. 8, 2008) (same).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion (ECF No. 29) is denied.

Dated:  September 1, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/R/john1128.strkfee